United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DENNIS LAMAR JAMES, JR.,             No. C 13-011 SI (pr)

    Plaintiff,                    **ORDER OF SERVICE**

v.

OAKLAND POLICE DEPT.; et al.,

    Defendants.
                                   /

**INTRODUCTION**

Dennis Lamar James, an inmate in custody at the Santa Rita County Jail, filed a *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

**BACKGROUND**

James alleges the following in his complaint:

On February 19, 2012, James was arrested by members of the Oakland Police Department. Oakland police officer Ko was dispatched to an address for a report of "an adult male acting erratic and it was a 5150 call." Docket # 1, p. 2. When officer Ko arrived, he saw James "acting erratic and not responding to commands." *Id.* at 3. Officer Ko failed to call an ambulance or properly secure James. Officer Chacon arrived, and both officers fired their tasers at least ten times at James, causing him severe pain and anguish. Officer Smith arrived and "caused even more injuries to the plaintiff's hip and right leg." *Id.* James was "a mental patient and had a psychosis." *Id.* The City of Oakland, Oakland Police Department, and Chief of

Police Howard Jordan failed to provide adequate training and supervision regarding the lawful use of a taser, and this caused the injuries James suffered. *Id.* at 5.

James further alleges that after being arrested on February 19, 2012, he was transported by ambulance to Highland Hospital for treatment. He had been tased repeatedly, "had numerous darts still stuck in him, had head injuries, and a leg injury." *Id.* at 6. He also needed psychiatric treatment. He was admitted to the hospital "merely for a few hours and was denied proper medical care." *Id.* He alleges that defendants Dr. David K. English, Dr. Naomi Adler, Dr. Terrence H. Liu, Dr. Eugenia Kang, and Highland Hospital failed to provide proper medical care for his serious medical needs. *See id.* at 5-6.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A claim that a law enforcement officer used excessive force in the course of an arrest or other seizure is analyzed under the Fourth Amendment reasonableness standard. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Forrester v. City of San Diego*, 25 F.3d 804, 806 (9th Cir. 1994). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of '"the nature and quality of the intrusion on the individual's Fourth Amendment interests"' against the countervailing

governmental interests at stake." *See Graham*, 490 U.S. at 396 (citations omitted). Liberally construed, the complaint states a cognizable § 1983 claim against Oakland police officers Ko, Chacon and Smith for excessive force in violation of the Fourth Amendment based on their alleged uses of force on James on February 19, 2012. The complaint also adequately alleges a claim against the City of Oakland, Oakland Police Department, and Chief of Police Howard Jordan for a Fourth Amendment violation based on their alleged failure to train and supervise on the use of force.

In light of the fact that James had not been convicted of a crime, but apparently only had been arrested, "his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment." *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002). As a person in custody, he had a right "'to not have officials remain deliberately indifferent to [his] serious medical needs.'" *Id.* (citation omitted). To prove that the response to an arrestee's medical needs was constitutionally deficient, the arrestee must establish (1) a serious medical need and (2) deliberate indifference to that need by the officials. *See id.; McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Giving the *pro se* complaint the liberal construction to which it is entitled, the complaint states a cognizable claim against Dr. David K. English, Dr. Naomi Adler, Dr. Terrence H. Liu, and Dr. Eugenia Kang for deliberate indifference to James' medical and mental health needs. A claim is not stated against the hospital where the events and omissions occurred.

James has requested that counsel be appointed to assist him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. The request for appointment of counsel is DENIED.

(Docket # 2.)

**CONCLUSION**

1. The complaint states cognizable § 1983 claims against Oakland police officer Ko, Oakland police officer Chacon, Oakland police officer Smith, the City of Oakland, the Oakland Police Department, Oakland Chief of Police Howard Jordan, Dr. David K. English, Dr. Naomi Adler, Dr. Terrence H. Liu, and Dr. Eugenia Kang. All other defendants and claims are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon the following defendants:

- Oakland police officer Ko
- Oakland police officer Chacon
- Oakland police officer Smith
- City of Oakland
- Oakland Police Department
- Oakland Chief of Police Howard Jordan
- Dr. David K. English
- Dr. Naomi Adler
- Dr. Terrence H. Liu
- Dr. Eugenia Kang

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a. No later than **September 27, 2013**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due. If defendants file a motion for summary judgment, they must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If defendants file a motion to dismiss for non-exhaustion of administrative remedies, they must provide to plaintiff a notice regarding motions to dismiss for non-exhaustion procedures at the time they file such a motion. *See Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

4

b.  Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **October 25, 2013**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

c.  If defendants wish to file a reply brief, the reply brief must be filed and served no later than **November 8, 2013**.

4.  Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment and motions to dismiss for non-exhaustion of administrative remedies:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

> The defendants may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies or were excused from doing so. The evidence may be in the form of declarations (that is, statements of fact signed under penalty of perjury) or authenticated documents (that is, documents accompanied by a declaration showing where they came from and why they are authentic), or discovery documents such as answers to interrogatories or depositions. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial. *See generally Stratton v. Buck*, 697 F.3d at 1008-09.

5.  All communications by plaintiff with the court must be served on a defendant's

5

**United States District Court**
For the Northern District of California

1 counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: July 2, 2013

                                             _____
                                             SUSAN ILLSTON
                                             United States District Judge