UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS LAMAR JAMES, JR.,<br><br>   Plaintiff,<br><br>   v.<br><br>OAKLAND POLICE DEPT.; et al.,<br><br>   Defendants.<br>                                                    / | No. C 13-011 SI (pr)<br><br>**ORDER (1) GRANTING DOCTOR-DEFENDANTS' MOTION TO DISMISS AND (2) ADDRESSING SCHEDULING MATTERS** |

## INTRODUCTION

In this *pro se* civil rights action, plaintiff has sued several Oakland police officers and the City of Oakland for the use of excessive force during his arrest, and has sued several doctors for deliberate indifference to his medical and mental health needs during his hospital visit after his arrest. Three of the four doctor-defendants now move to dismiss the complaint for failure to state a claim and for lack of subject matter jurisdiction. This order grants the motion to dismiss, requires amended complaint from plaintiff, and addresses some scheduling matters.

## BACKGROUND

As relevant to the pending motion to dismiss, plaintiff's complaint alleges the following:

On February 19, 2012, plaintiff was arrested by members of the Oakland Police Department, who were responding to a report of "adult male acting erratic." Docket # 1, p. 2. The police officers used force to subdue him.

After plaintiff was arrested, he was transported by ambulance to Highland Hospital "for medical and mental treatment." *Id.* at 5. Plaintiff allegedly had been tased more than ten times, "had numerous [taser] darts still stuck in him, had head injuries and a leg injury." *Id.* at 5. He

"was in need of serious medical attention and a psychiatric treatment, but to no avail." *Id.* He was "examined and/or treated by several medical doctors when plaintiff was admitted to Highland Hospital merely for a few hours and was denied proper medical care. . . . Doctors at Highland Hospital failed to treat his serious medical needs, leg injury and mental issues." *Id.*

Plaintiff alleges that defendants David English, M.D., Naomi Adler, M.D., and Eugenia Kang, M.D. (collectively, the "doctor-defendants") were employed at Highland Hospital.[1] The complaint does not allege what any particular doctor-defendant did or failed to do that caused a deprivation of his constitutional rights.

## DISCUSSION

A.   Motion To Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss on the ground that there is a "failure to state a claim upon which relief can be granted." A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). The court "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and must construe *pro se* pleadings liberally, *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). The court need not accept as true allegations that are legal conclusions, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, *amended*, 275 F.3d 1187 (9th Cir. 2001).

Doctor-defendants contend that plaintiff's complaint does not allege sufficient facts to state a claim upon which relief may be granted. They urge that the allegations of deliberate indifference to serious medical/mental health needs are mere conclusions, devoid of any facts as to the particular care that was needed but not provided. They also urge that the complaint improperly lumps all the doctors together and makes no effort to describe any particular doctor-

---

[1] A fourth doctor, Terrence H. Liu, M.D., is represented by a different attorney and has moved for summary judgment against plaintiff.

2

defendant's role in the allegedly inadequate medical care. Plaintiff opposes the motion, and argues that the complaint pleads his claims against these defendants with sufficient specificity. *See* Docket # 16 at 1. In his opposition, plaintiff again identifies the same general medical/mental problems he mentions in his complaint, and again makes no effort to describe what any defendant did or failed to do at the hospital. *See* Docket # 16 at 2.

The complaint fails to state a claim upon which relief may be granted against the doctor-defendants because plaintiff does not allege facts showing what each doctor-defendant did or failed to do to cause a violation of his constitutional rights. Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Here, the conclusory allegations that a group of persons – who apparently were among a group that "examined and/or treated" plaintiff – had failed to treat plaintiff's "serious medical needs, leg injury and mental issues," provide too little information to state a claim. This is not to say that a plaintiff presenting a medical claim must explain precisely the treatment appropriate for his care – e.g., the specific type of sutures and stitching pattern needed to close a wound – but he must allege more information than that he had "medical needs" and "mental issues" for which he did not receive "proper" treatment. Docket # 1 at 5. He must state enough facts to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and quotation marks omitted). Additionally, since each defendant's liability turns largely on his or her own behavior, a plaintiff must describe what he thinks each particular person did or did not do that caused a violation of his constitutional rights. Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The doctor-defendants'

motion to dismiss for failure to state a claim is GRANTED.[2] (Docket # 14.) Plaintiff must file an amended complaint curing the deficiencies identified in this order.

Doctor-defendants also move to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction over the state law claims against them. The existence of subject matter jurisdiction depends largely on whether plaintiff can allege a federal claim in his amended complaint. If plaintiff is able to adequately plead a claim under 42 U.S.C. § 1983 for a violation of his constitutional rights, the court will have federal subject matter jurisdiction because the § 1983 claim will present a federal question. *See* 28 U.S.C. § 1331. If the court has federal question jurisdiction, it also may exercise supplemental jurisdiction over state law claims if the plaintiff invokes the court's supplemental jurisdiction in his amended complaint. If plaintiff wants to allege state law claims in addition to his § 1983 claim(s), he must invoke the court's supplemental jurisdiction in his amended complaint by citing 28 U.S.C. § 1367 (i.e., the supplemental jurisdiction statute), and alleging that the court has supplemental jurisdiction over his state law claims. Plaintiff also must allege facts showing a basis for each state law claim that he wishes to assert.

B.   Scheduling Matters

Plaintiff has sent to the court a motion for an extension of his deadline to file an opposition to defendant Liu's motion for summary judgment, claiming that he needs additional time because he has been committed to a state mental hospital where he is taking several medications and has difficulty doing research. (Docket # 33.) Plaintiff has not stated when he

---

[2] The court has evaluated the merits of the pending motion based solely upon an examination of the allegations of the complaint. The court notes that medical records submitted for another pending motion convince the court that doctor-defendants' Rule 12(b)(6) motion is by no means a hyper-technical application of the rule. Their quest to learn what plaintiff contends each of them did or failed to do is essential because plaintiff *did* receive some evaluation and treatment when he was at the hospital. According to the medical records, plaintiff received the following care at Highland Hospital on February 19, 2012 before he was taken by police officers to the county jail: a physical examination was done; vital signs were monitored for several hours; "taser barbs [were] removed by MD and wounds covered with sterile gauze, clean/dry/intact," Docket # 22 at 6; medications were administered; a catheter was placed and later removed; x-rays were taken; a CT scan was done; and EKG tracing was done. Docket # 22 at 2-13.

4

anticipates being released from the state mental hospital.  Upon due consideration, plaintiff's motion for an extension of his deadline to file an opposition to Liu's motion for summary judgment is GRANTED.  (Docket # 33.)

In light of the current circumstances, the best course is to wait for plaintiff's release from Napa State Hospital to go forward with this action, if that hospitalization will be for a limited duration.  The briefing schedule for all dispositive motions is now VACATED.  Plaintiff will be required to file a statement informing the court of the expected length of his stay at the hospital, and will be required to file a notice of change of address once he is released from the hospital.  These filings will enable the court to set a briefing schedule for defendant Liu's motion for summary judgment, plaintiff's amended complaint, and any dispositive motion from other defendants.

**CONCLUSION**

Doctor-defendants' motion to dismiss is GRANTED.  (Docket # 14.)  The court will set a deadline in a later order for plaintiff to file an amended complaint.

Plaintiff's motion for an extension of time to file an opposition to defendant Liu's motion for summary judgment is GRANTED.  (Docket # 33.)  The court will set a deadline for the opposition and reply in a later order.

Plaintiff must file and serve on defense counsel a notice of change of address within **seven days** of his release from Napa State Hospital – regardless of whether that release is into custody in another facility or to his home.  Also, no later than **February 15, 2014**, plaintiff must file and serve a statement informing the court how long he is expected to remain at Napa State Hospital.  Failure to comply with the directions to file and serve the statement regarding the duration of his stay, or the notice of change of address, or both, may result in the dismissal of this action for failure to prosecute.

The briefing schedules for all dispositive motions are now VACATED.  After plaintiff's release from Napa State Hospital, or upon further order of the court if plaintiff is not going to be released in the near future, the court will set new briefing schedules for existing and future

5

dispositive motions as well as for plaintiff's amended complaint.

IT IS SO ORDERED.

Dated: January 15, 2014

_____
SUSAN ILLSTON
United States District Judge