UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS LAMAR JAMES, JR., | No. C 13-011 SI (pr) |
| Plaintiff, | **ORDER TO STAY PROCEEDINGS** |
| v. | |
| OAKLAND POLICE DEPT.; et al., | |
| Defendants. | |

In this *pro se* civil rights action, plaintiff has sued several Oakland police officers and the City of Oakland for the use of excessive force during his arrest on February 19, 2012, and has sued several doctors for deliberate indifference to his medical needs during his hospital visit after his arrest.

Plaintiff has requested an extension of the deadline to file his opposition to the motion for summary judgment filed by defendant Dr. Liu. Defendant opposes the requested extension. Plaintiff also likely will need extended time to file a necessary amended complaint with regard to the other health care defendants.

Plaintiff is currently at Napa State Hospital undergoing "psychiatric treatment" and "has no set date of release." Docket # 37. He was transferred from Santa Rita County Jail to Napa State Hospital pursuant to an order from the Alameda County Superior Court in or about late October 2013. *See* Docket # 26. A state court hearing apparently pertaining to that hospitalization was scheduled for January 31, 2014, but was continued to August 1, 2014. *See* Docket # 37. Plaintiff expects to be released in August, although that is not a certainty. *See id.* Plaintiff states that he needs to do additional unspecified discovery to oppose the motion

for summary judgment. Docket # 26. He also requests that an attorney be appointed for him. Docket # 37.

Plaintiff has several obligations pending in this action. He needs to file an opposition to Dr. Liu's motion for summary judgment. He also needs to file an amended complaint with regard to the other health care defendants because the court has granted their motion to dismiss for failure to state a claim. *See* Docket # 35. And, once the law enforcement defendants file a dispositive motion, he will need to file an opposition to that.

The circumstances of plaintiff's placement at Napa State Hospital that necessitate a continuance of the deadline for his opposition to the motion for summary judgment also support temporarily halting the other activity in this action. This action can be paused while plaintiff is temporarily at Napa State Hospital, as it would be preferable that the plaintiff's competence not be in question during the course of these proceedings. The best course is to stay this action until plaintiff's release from Napa State Hospital, so that he can pursue his claims after being discharged from the hospital and after presumably being restored to competency. Mindful that the precise length of plaintiff's stay at Napa State Hospital is not within his control and is not certain, the court will hold a case management conference in five months if plaintiff remains at Napa State Hospital. This will enable the court to consider other options if plaintiff is going to be there on a long-term basis, so that the stay will not become a *de facto* dismissal. *See generally Davis v. Walker*, 745 F.3d 1303, 1306, 1311 (9th Cir. 2014). Also, plaintiff may by that time have more information about the nature and expected length of his hospitalization.

Plaintiff has requested that counsel be appointed to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved and the likelihood of success on the merits. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Plaintiff's hospitalization presents an unusual circumstance. However, plaintiff had no problem articulating his claims in

2

1  this action (including municipal liability), at a time when he presumably had the same mental
2  illness he now has. He also has filed several prior actions in which he has ably represented
3  himself. There also appears to be a low likelihood of success on the merits. As to the excessive
4  force claim, the complaint admits that plaintiff was "acting erratic and not responding to
5  commands" when police approached him. Docket # 38 at 3.[1] As to the medical care claim,
6  plaintiff has been unable/unwilling to describe just what the medical care defendants did or
7  failed to do that he contends amounted to deliberate indifference. *See* Docket # 35 at 3-4 & n.2.
8  Plaintiff's temporary placement at Napa State Hospital does not overcome these facts that weigh
9  against appointing one of the very few attorneys willing to take on a pro bono prisoner civil
10 rights case. Exceptional circumstances requiring the appointment of counsel are not present in
11 this action.

12      For the foregoing reasons:

13      (1)   This action is STAYED and the clerk shall administratively CLOSE the
14 action. Nothing further will occur in this action until the stay is lifted or until the case
15 management conference mentioned below occurs.

16      (2)   A case management conference will be held at 4:00 p.m. on December 11,
17 2014. No later than **November 24, 2014**, plaintiff must provide to the court and opposing
18 counsel a telephone number at which he may be reached for that case management conference.
19 Counsel for Dr. Liu shall initiate the case management conference call, and connect plaintiff and
20 counsel for the other defendants before connecting the conference call to the court.

21      (3)   Plaintiff must notify the court and opposing counsel for all defendants
22 within **ten days** of his release from Napa State Hospital, regardless of whether that release is to
23 county jail, state prison or elsewhere.

24      (4)   Defendant Liu's motion for summary judgment is DISMISSED without
25 prejudice to defendant filing the motion again after the stay is lifted. (Docket # 17.) The

---

[1] When the complaint was first scanned at the courthouse, page 3 inadvertently was omitted from the scanned document, so the document later was re-scanned with page 3. The complaint missing page 3 is at Docket # 1, and the complaint with page 3 is at Docket # 38.

3

dismissal of the motion says nothing about its merits and instead is done for scheduling purposes. When the stay is lifted, the court will set deadlines for dispositive motions and for plaintiff to file an amended complaint.

        (5)    Plaintiff's request for counsel is DENIED. (Docket # 37.)

IT IS SO ORDERED.

Dated: July 1, 2014

_____
SUSAN ILLSTON
United States District Judge

4