UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DENNIS LAMAR JAMES, JR., | | No. C 13-011 SI (pr) |
|     Plaintiff, | | |
|     v. | | |
| OAKLAND POLICE DEPT.; et al., | | |
|     Defendants. | | |
| _____/ | | |
| DENNIS LAMAR JAMES, JR., | | No. C 13-1092 SI |
|     Plaintiff, | | **ORDER REFERRING PLAINTIFF TO FEDERAL PRO BONO PROJECT FOR LIMITED APPOINTMENT OF COUNSEL** |
|     v. | | |
| HAYWARD POLICE DEPARTMENT; et al., | | |
|     Defendants. | | |
| _____/ | | |

In Case No. C 13-011 SI, plaintiff sued several Oakland police officers and the municipality for the use of excessive force during his arrest on February 19, 2012, and sued several doctors for deliberate indifference to his medical needs during his hospital visit after his arrest. In Case No. C 13-1092 SI, plaintiff sued Hayward police officers and the municipality for unlawful arrest and excessive force during his arrest on March 23, 2011. On July 1, 2014, the court stayed both actions due to plaintiff's placement at Napa State Hospital, the length of which was unknown.

Plaintiff recently sent to the court a notice stating that he "was found insane at the time he committed the offenses of mayhem and assault by means likely to produce great bodily harm"

and, in July 2013, he was committed to the state hospital for a maximum of twenty-one years. Docket # 44 in Case No. C 13-011. The potentially lengthy duration of his confinement in the state hospital makes a stay of these actions a less desirable option. *See Davis v. Walker*, 745 F.3d 1303, 1311 (9th Cir. 2014) (district court erred in staying action until plaintiff was competent and able to represent himself *pro se* because the indefinite stay left his interests unprotected and "functionally operated as a dismissal with prejudice").

The next question is whether plaintiff can represent himself or must have a representative appointed for him. There is a mixed picture as to plaintiff's ability to represent himself. On the one hand, plaintiff is at a state mental hospital and has been found insane when he committed his crimes in early 2012.[1] On the other hand, plaintiff has been litigious and ably represented himself in several actions in the last several years. His more recent federal litigation activities include: (1) *James v. Oakland Police Department*, Case No. C 13-011 SI (stayed since July 1, 2014); (2) *James v. Hayward Police Department*, Case No. 13-1092 SI (stayed since July 1, 2014); (3) *James v. CDCR*, No. C 13-1820 SI (dismissed in September 2013, and dismissal affirmed on appeal in August 2014); (4) *James v. Puga*, No. C 10-4009 SI (summary judgment granted against plaintiff in May 2012; affirmed on appeal in October 2014); and (5) *James v. Maguire*, No. C 10-1795 SI (settled in late 2012). The court will refer the matter for appointment of counsel for the limited purpose of representing plaintiff in connection with proceedings to determine whether to appoint a conservator/guardian *ad litem* to represent him pursuant to Federal Rule of Civil Procedure 17. Once the court resolves whether a conservator/guardian *ad litem* should be appointed, the court will then decide whether to refer the action to the Federal Pro Bono Project to find counsel for the remainder of the action.

Good and just cause appearing, plaintiff is referred to the Federal Pro Bono Project in the manner set forth below so that an attorney may be located for him:

(1) The clerk shall forward to the Federal Pro Bono Project: (a) a copy of this order, (b) a memorandum outlining the facts and procedural posture of both actions, and (c) a copy of

---

[1] On February 19, 2012, plaintiff was arrested in Oakland for felony assault and aggravated mayhem. *See* Docket # 19-3 at 8 in *James v. Hayward Police Department*, Case No. C 13-1092 SI.

the court file.

(2) Upon an attorney being located to represent plaintiff, that attorney shall be appointed as counsel for plaintiff in these two actions until further order of the court. **Unless the attorney volunteers otherwise, the scope of the appointment will be limited to representation of plaintiff in connection with proceedings to determine whether to appoint a conservator/guardian *ad litem* to represent him pursuant to Federal Rule of Civil Procedure 17.**

(3) All proceedings in these two actions are stayed until four weeks from the date an attorney is appointed to represent plaintiff in these actions.

IT IS SO ORDERED.

Dated: January 13, 2015

_____
SUSAN ILLSTON
United States District Judge