UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS LAMAR JAMES, JR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OAKLAND POLICE DEPARTMENT, et al.,<br><br>　　　　　Defendants. | Case No. 13-cv-00011-SI<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 57 |

Plaintiff Dennis Lamar James, Jr., a California prisoner, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against several Oakland police officers, the Oakland Police Department and the City of Oakland for the use of excessive force during his arrest, and four doctors for deliberate indifference to his medical and mental health needs after his arrest. One doctor, Terrence H. Liu, M.D., now moves for summary judgment. This order **GRANTS** the motion for summary judgment and enters judgment in Dr. Liu's favor.

**BACKGROUND**

The following facts are undisputed, unless otherwise noted:

On February 19, 2012 at approximately 2:49 p.m., plaintiff was admitted to Highland Hospital to receive "medical and mental [health] treatment" following his arrest by the Oakland Police Department. Dkt. No. 1 at 5; Dkt. 57-3 at 5. Earlier in the day, police officers responded to a call about a man acting erratically when plaintiff was observed banging his head into parked cars. Dkt. No. 1 at 2.; Dkt. No. 57-3 at 7. In the process of plaintiff's arrest, police officers allegedly tased plaintiff more than ten times. Dkt. No. 1 at 3. After his arrest, plaintiff was transported by ambulance to Highland Hospital. *Id.* at 5.

1   Dr. Terrence H. Liu worked at Highland Hospital. Dkt. No. 1 at 4.[1] On February 19, 2012, Dr. Liu was an attending physician on the trauma service. Dkt. No. 57-3 at 19. When plaintiff was admitted to the emergency department, Dr. Liu was treating a surgical patient. *Id.*

Plaintiff was designated a Level 1 trauma because he had a Glasgow Coma Scale ("GCS")[2] of 8 in the field. *Id.* at 7. When he arrived, he was not phonating, i.e., not making sounds. *Id.* at 15. Plaintiff had facial bruising, an altered mental status, a broken tooth, and abrasions to his face, knees, toes, wrists, knuckles, and shoulder. *Id.* at 6, 16. Plaintiff also had three taser darts lodged into his skin: one in his left chest, one in his left bicep, and one in his left flank. *Id.* at 16.

Dr. David K. English noted that plaintiff's vital signs were normal and the presence of taser darts, extensive abrasions, and a GCS of 9. *Id.* at 6-7. The taser darts were removed and the skin was covered with sterile gauze. *Id.* at 6. An x-ray of plaintiff's chest and CT scans of plaintiff's head, C-spine, chest, abdomen, and pelvis were taken. *Id.* at 8.

Dr. Arturo Garcia noted that plaintiff's vital signs were normal, and identified multiple abrasions and a broken tooth. *Id.* at 15. He also noted that plaintiff had a GCS of 9 and continued not to phonate. *Id.* Plaintiff's x-ray and CT scans were negative. *Id.* 15-16. Dr. Garcia's clinical impression was that plaintiff had "superficial abrasions and a broken right incisor," but "no other visible injury clinicall[y] or on imaging studies." *Id.* at 16. Dr. Garcia noted that plaintiff's "C-spine was cleared and he [was] stable enough for discharge" and plaintiff's abrasions were being washed. *Id.*

Dr. Eric Yasumoto also reviewed the x-ray and CT scans, and noted that they were negative. *Id.* at 8-12.

During plaintiff's hospital stay, Dr. Liu "communicated with the trauma residents, who informed [him] of [plaintiff's] condition, the residents' assessment, the results of the chest x-ray

---

[1] Three other doctors—Dr. David K. English, Dr. Naomi Adler, and Dr. Eugenia Kang—are represented by a different attorney and have moved to dismiss plaintiff's complaint and amendment to the complaint. *See* Dkt. No. 59.

[2] "The purpose of the GSC is to provide a reliable, objective way of recording the conscious state of a person for initial as well as subsequent assessment. A patient is assessed against the criteria of the scale, and the resulting points give a patient score between 3 (indicating deep unconsciousness) and 15 (fully awake person)." Dkt. No. 57-3 at 43.

and several CT scans that were negative, and the plan to treat [plaintiff] as documented in his medical records." *Id.* at 20.

Before plaintiff's discharge into the custody of the Oakland Police Department, "the residents completed a Tertiary Trauma Survey (also known as 'TTS'), which serves as the trauma team's 'once over' of a patient prior to discharge. As part of the TTS, the trauma team re-reviewed [plaintiff's] vital signs, GCS, injuries and radiological findings to ensure that [plaintiff] was stable for discharge." *Id.* at 20.

At approximately 6:45 p.m., plaintiff was discharged into the custody of the Oakland Police Department. *Id.* at 6. When discharged, plaintiff had a GSC of 15, meaning he was fully awake. *Id.* at 5. He was also given prescriptions for Vicodin and Colace, and referred to the dental drop-in clinic. *Id.* at 13.

Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging that Dr. Liu and three other doctors were deliberately indifferent to plaintiff's medical and mental health needs. Dkt. No. 1 at 6. In his amendment to his complaint, plaintiff alleges that he "needed to stay at Highland Hospital at least overnight from the head injuries that he sustained, most likely concussion," and that he should have been placed under a 72-hours psychiatric hold and evaluation. Dkt. No. 58 at 2. Plaintiff also alleges that he was not asked questions about his pain, and that he needed toxicology tests and a CT scan of his knees. *Id.* Plaintiff presents no evidence that he has any medical training or expertise. He presents no evidence to show that he is otherwise competent to provide an opinion about the proper medical care of a person in the condition he was in when he arrived at Highland Hospital.

## LEGAL STANDARD

Summary judgment is proper where the pleadings, discovery, and affidavits show that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete

failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  A fact is material if it might affect the outcome of the suit under governing law, and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Generally, the moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact.  The burden then shifts to the nonmoving party to "go beyond the pleadings and by [his or her] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (citations omitted).

A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence.  *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge).  Here, plaintiff's complaint is signed "under penalty of perjury" that its contents are "true and correct."  Dkt. No. 1 at 10.  Plaintiff also filed an amendment to the complaint—although it was filed after defendant's motion for summary judgment—that is similarly verified as "true and correct" and signed "under penalty of perjury."  Dkt. No. 58 at 3.  Therefore, the complaint and the amendment to the complaint may be considered as evidence for purposes of deciding this motion.

The court's function on a summary judgment motion is not to make credibility determinations or to weight conflicting evidence with respect to a disputed material fact. *See T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  The evidence must be viewed in the light most favorable to the nonmoving party, and the inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party.  *Id.* at 631.

**DISCUSSION**

Deliberate indifference to an arrestee's medical and mental health needs is a violation of the Due Process Clause, rather than the Eighth Amendment violation that results from deliberate indifference to a prisoner's needs. *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1187 (9th Cir. 2002). With regard to those medical and mental health needs, the "due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes: 'persons in custody ha[ve] the established right to not have officials remain deliberately indifferent to their serious medical needs.'" *Id.* (citation omitted). To prevail on a claim for deliberate indifference, a plaintiff must demonstrate two elements: (1) a "serious medical need"; and (2) "the defendant's response to the need was deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

## I. Serious Medical Needs.

To establish a serious medical need, plaintiff must show that "the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997), (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain" indicate a serious medical need. *Id.* at 1059-60. A mental health condition may constitute a serious medical need. *Doty v. Cnty. of Lassen*, 37 F.3d 540 (9th Cir. 1994).

The undisputed evidence shows that, when plaintiff was admitted to Highland Hospital, he had a GCS of 8 or 9, indicating that he was not fully conscious. Dkt. No. 57-3 at 7. He also had a series of abrasions, a broken tooth, and taser darts embedded in his skin. *Id.* at 6, 16. This evidence suffices to permit a jury to find the existence of objectively serious medical needs. *See Doty*, 37 F.3d 540.

## II. Dr. Liu Was Not Deliberately Indifferent to Plaintiff's Serious Medical Needs.

The second element—a defendant's deliberately indifferent response to the serious medical need—is met only if a defendant "knows of and disregards an excessive risk to [arrestee] health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* A 42 U.S.C. § 1983 claim for deliberate indifference is not stated when a complaint alleges only "an 'inadvertent [or negligent] failure to provide adequate medical care.'" *Jett*, 439 F.3d at 1096 (alteration in original). Rather, "there must be a *conscious disregard* of a serious risk of harm for deliberate indifference to exist." *Toguchi v. Chung*, 391 F.3d 1051, 1059 (9th Cir. 2004) (emphasis in original).

A "showing of nothing more than a 'difference of medical opinion' as to the need to pursue one course of treatment over another [is] insufficient . . . to establish deliberate indifference." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)). Instead, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances, and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Id.*

Also, a plaintiff must show that he was harmed because of the deliberate indifference. *Jett*, 439 F.3d at 1096. But a showing of "substantial" harm is not required. *Id.* Overall, "[d]eliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.

When, as here, the prisoner seeks damages against a defendant for deliberate indifference, the "inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). The Ninth Circuit explained that "it is important to distinguish the causal connection required when a plaintiff seeks injunctive or declaratory relief as opposed to damages." *Id.* In the former case, a broader and more generalized approach to causation is taken. *Id.* However,

> [w]hen plaintiffs, such as the inmates, seek to hold an individual defendant personally liable for damages, the causation inquiry between the deliberate indifference and the [Due Process Clause violation] must be more refined. We

6

> must focus on whether the individual defendant was in a position to take steps to avert the [harm], but failed to do so intentionally or with deliberate indifference. In order to resolve this causation issue, we must take a very individualized approach which accounts for the duties, discretion, and means of each defendant . . . . Sweeping conclusory allegations will not suffice to prevent summary judgment. The [arrestee] must set forth specific facts as to each individual defendant's deliberate indifference.

*Id.* at 633-34 (internal citations omitted). A defendant is therefore only liable if he or she personally was deliberately indifferent.

Dr. Liu is entitled to summary judgment because there is a complete absence of evidence that he acted with deliberate indifference. The evidence is undisputed that: (a) plaintiff was admitted to Highland Hospital for medical treatment of a variety of conditions, including an altered mental status, a GCS of 9, taser darts embedded in his skin, a broken tooth, and multiple abrasions; (b) Dr. Liu was an attending physician on the trauma service; (c) when plaintiff was admitted, Dr. Liu was attending a surgical patient; (d) other medical personnel cleaned plaintiff's abrasions, removed the taser darts, took an x-ray and CT scans, and monitored his GCS and vital signs; (e) Dr. Liu "communicated with the trauma residents, who informed [him] of [plaintiff's] condition, the residents' assessment, the results of the chest x-ray and several CT scans that were negative, and the plan to treat [plaintiff] as documented in his medical records." Dkt. No. 57-3 at 6-8, 16, 19-20.

Dr. Liu presents expert testimony that it "was appropriate for Dr. Liu to communicate with the residents to be informed of [plaintiff's] progress," and that the records do not indicate "that the patient's condition required Dr. Liu's in-person attention." Dkt. No. 57-3 at 46.

Plaintiff argues that Dr. Liu "knew or should have known that plaintiff had severe head injuries and suffered from an [sic] concussion," and that plaintiff "needed to stay at least overnight from the head injuries he sustained." Dkt. No. 60 at 4. Plaintiff also asserts that he should have been asked questions about his pain, and that he needed toxicology tests and a CT scan, x-ray, or MRI of his knees. *Id.*

Plaintiff fails to show a triable issue of fact, however, because his evidence shows at most a difference of opinion with the health care providers as to the proper way to address his medical needs. Plaintiff presents no evidence that he has any medical training or expertise. He presents no

7

1 evidence to show that he is otherwise competent to provide an opinion about the proper medical 2 care of a person in the condition he was in when he arrived at Highland Hospital. A mere 3 difference of opinion is insufficient to show deliberate indifference. *Jackson*, 90 F.3d at 332. 4 Instead, a plaintiff "must show that the course of treatment the doctors chose was medically 5 unacceptable under the circumstances, and . . . that they chose this course in conscious disregard 6 of an excessive risk to plaintiff's health." *Id.* There is no evidence to show that the treatment that 7 plaintiff received was medically unacceptable or provided in conscious disregard to an excessive 8 health risk. Thus, Dr. Liu is entitled to summary judgment.

9 Plaintiff also argues that the motion for summary judgment should be denied as premature 10 under Federal Rule of Civil Procedure 56(d). Dkt. No. 60 at 6. Rule 56(d) allows a court to defer 11 or deny consideration of a motion, or allow time to obtain discovery, if a nonmovant shows "by 12 affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its 13 opposition." Plaintiff states that he plans to request further discovery and interrogatories, and 14 argues that the additional discovery will raise genuine issues of material fact. Dkt. No. 60 at 6. A 15 party requesting a continuance must "identify by affidavit the specific facts that further discovery 16 would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City* 17 *and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). Plaintiff does not make the 18 requisite showing to delay or deny the summary judgment motion. He does not identify a 19 particular document or piece of evidence that is essential to his opposition but instead wants more 20 discovery in general hopes of finding something that might help him ward off summary judgment. 21 He fails to demonstrate how the proposed discovery would raise a genuine issue of material fact. 22 Thus, the court will not defer or deny the consideration of this motion as premature.

26 ///

27 ///

**CONCLUSION**

For the foregoing reasons, Dr. Liu's motion for summary judgment is **GRANTED**. This Court finds that there is no just reason for delay in entering judgment in Dr. Liu's favor. F.R.Civ.P. 54(b). Hence, judgment will be entered in Dr. Liu's favor and against plaintiff.

**IT IS SO ORDERED**.

Dated: September 28, 2015

SUSAN ILLSTON
United States District Judge