UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS LAMAR JAMES,<br><br>    Plaintiff,<br><br>    v.<br><br>OAKLAND POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 13-cv-00011-SI<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND DENYING REQUEST FOR DEFAULT; SETTING SCHEDULE**<br><br>RE: DKT. NOS. 69, 71 |

A.  Motion For Reconsideration

Plaintiff has moved for reconsideration of the September 28, 2015 order granting summary judgment in favor of Terrence Liu. Dkt. No. 71. He asserts that he wants to do discovery and that his mental health and housing preclude effective litigation.

A party may move to alter or amend a judgment in a motion filed no later than 28 days after entry of judgment. *See* Fed. R. Civ. P. 59(e). A motion for reconsideration under Federal Rule of Civil Procedure 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc).

Plaintiff argues in his motion for reconsideration that Dr. Liu's motion for summary judgment should have been denied as premature because plaintiff "had plans to request further discovery and interrogatories." Dkt. No. 71. However, as the court explained in the order granting summary judgment, this sort of generalized statement about one's intent to do discovery is insufficient to require a postponement of the summary judgment motion. *See* Dkt. No. 66 at 8. Plaintiff also argues that the motion for summary judgment should not have been granted because

plaintiff is mentally ill, housed at Napa State Hospital, and has "no way of litigating this civil action properly." Dkt. No. 71. The court already has addressed the concerns based on Mr. James' mental illness and housing situation, and determined that he may proceed *pro se*. See Dkt. No. 39 at 2-3 (denying initial request for appointment of counsel because of low likelihood of success on the merits of the claims and plaintiff's ability to articulate his claims); Dkt. No. 46 (appointing counsel to determine whether conservator or guardian *ad litem* was necessary), Dkt. No. 54 (finding that guardian *ad litem* was unnecessary and that plaintiff could represent himself). Plaintiff has filed several documents showing that he is adequately able to present his claims and legal arguments. On the very day plaintiff filed the motion for reconsideration, he also filed a second amendment to his complaint in response to a court order, a request for entry of default, and a notice of appeal. Dkt. Nos. 68, 69, and 72. Plaintiff also has filed other documents showing his ability to pursue his legal rights notwithstanding his mental illness and placement at Napa State Hospital. *See, e.g.,* Dkt. No. 58 (plaintiff's amendment to his complaint); Dkt. No. 60 (plaintiff's opposition to Dr. Liu's motion for summary judgment); *James v. Hayward Police Department*, No. 13-1092 (Dkt. No. 47 (plaintiff's opposition to defendants' motion for summary judgment). Plaintiff's mental state and housing do not warrant reconsideration of the order granting Dr. Liu's motion for summary judgment.

Finally, in light of the medical records and other evidence presented in the summary judgment proceedings, plaintiff's effort to undo the order granting summary judgment appears to be an effort to keep this portion of his case alive only to coax a nuisance value settlement out of Dr. Liu. Although plaintiff's complaint was able to adequately allege a claim against Dr. Liu, plaintiff produced no evidence that suggested any merit to that claim. Plaintiff's case against Dr. Liu amounts to little more than his unsupported personal view that *all* of his many medical needs and complex mental health problems had to be resolved before he could be released from the hospital's emergency room, even though he was being discharged to a county jail with a medical department. Plaintiff's motion for reconsideration is DENIED. Dkt. No. 71.

B.  Motion For Entry Of Default Judgment

Plaintiff filed a motion for entry of default judgment against the law enforcement defendants. Dkt. No. 69. He argues that default judgment should be entered because they did not file a motion for summary judgment by the deadline.

When deadlines were first set for dispositive motions, the court wrote: "If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due." Dkt. No. 6 at 4. The briefing schedule was adjusted several times, with the most recent deadline for the law enforcement defendants' motion for summary judgment being June 26, 2015. Dkt. No. 55 at 3. The law enforcement defendants let the extended deadline for their motion for summary judgment pass without filing a motion or informing the court that they did not intend to file a motion for summary judgment. Upon inquiry by court staff, counsel for the law enforcement defendants reported that the case did not appear to be a good candidate for summary judgment. Defendants are not required to file a motion for summary judgment, but defense counsel should have complied with the directive to inform the court of their intent not to file such a motion before the due date rather than wait for inquiries from the court. Defense counsel's failure to provide that notice was not, however, a sufficient reason to enter default or default judgment, contrary to plaintiff's assumption. Plaintiff's motion for entry of default judgment is DENIED. Dkt. No. 69. The law enforcement defendants have filed an answer (Dkt. No. 18) and are not in default.

C.  Scheduling

Plaintiff has filed a second amendment to the complaint alleging claims against the remaining doctor-defendants. In order to move this case toward resolution, the court now sets the following schedule:

The remaining doctor-defendants must file and serve their dispositive motion no later than **December 11, 2015**. Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **January 8, 2016**. Defendants must file and serve their reply brief (if any) no later than **January 22, 2016**. Plaintiff is reminded to read the warning regarding

1 summary judgment motions in the order of service, and defendants are reminded to send out a new
2 *Rand* warning with their dispositive motion.

3 Plaintiff and the law enforcement defendants must file case management statements no
4 later than **November 20, 2015**. The case management statements do not need to be jointly filed.
5 The case management statements should (1) describe the discovery the parties have done; (2)
6 describe the discovery they plan to do; and (3) propose a discovery schedule and discovery cut-off
7 date.

8 **IT IS SO ORDERED**.

9 Dated: October 30, 2015

SUSAN ILLSTON
United States District Judge