UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS LAMAR JAMES,<br><br>　　Plaintiff,<br><br>　　v.<br><br>OAKLAND POLICE DEPARTMENT, et al.,<br><br>　　Defendants. | Case No. 13-cv-00011-SI<br><br>**ORDER FOR LAW ENFORCEMENT DEFENDANTS TO SUPPLEMENT CASE MANAGEMENT STATEMENT AND SUBMIT EXHIBITS**<br><br>Re: Dkt. No. 79 |

On October 30, 2015, the court ordered plaintiff and the law enforcement defendants to file case management statements no later than November 20, 2015, and, in those case management statements to "(1) describe the discovery the parties have done; (2) describe the discovery they plan to do; and (3) propose a discovery schedule and discovery cut-off date." Docket No. 74 at 4. The law enforcement defendants' case management statement (Docket No. 79) was four days late and incomplete.[1] These deficiencies are noteworthy because the court had just pointed out that counsel for law enforcement defendants failed to comply with an earlier court order to inform the court of their intent not to file a dispositive motion. *See* Docket No. 74 at 3.

---

[1] The portion of the law enforcement defendants' case management statement that purports to provide the requested information states, in total: "Plaintiff recently served defendants with a request for production of documents and interrogatories, to which Defendants will serve responses. Defendants have withheld serving written discovery requests on Plaintiff due to his incarceration and at times, mental incapacitation, throughout the course of this lawsuit. While Defendants continue to explore their options for resolving his matter by dispositive motion, they will move forward with litigation of this matter. Unfortunately, Plaintiff's changeable mental condition has presented challenges concerning how best to move forward." Docket No. 79 at 2.

Due to the absence of some of the requested information in their case management statement, the law enforcement defendants must file and serve another case management statement no later than **January 11, 2016**. Their supplemental case management statement must actually describe the discovery they plan to do. For example, it should state who/what they plan to subpoena, who they plan to depose, whether they plan to request a production of documents, whether they plan to propound interrogatories, and whether they plan to propound requests for admissions. Their supplemental case management statement also must propose a discovery schedule and a discovery cut-off date.

In addition, the law enforcement defendants must attach as an exhibit to their supplemental case management statement a complete copy of the Oakland Police Department's file relating to the February 19, 2012 arrest, detention and jailing of plaintiff. In case there is any doubt, the law enforcement defendants also must serve a copy of that case management statement with the exhibit on plaintiff and on the doctor-defendants.

The court is mindful that plaintiff's mental status and housing at Napa State Hospital present some challenges, but that is no reason for the law enforcement defendants to fail to follow court orders. The law enforcement defendants should treat this case like other *pro se* prisoner litigation, and may bring to the court's attention specific problems relating to plaintiff's mental status and housing if such problems arise. The court can consider scheduling adjustments as the need arises, but the case generally should be moving toward resolution, rather than stalling due to potential issues that defendants think might exist for the plaintiff.

**IT IS SO ORDERED**.

Dated: December 11, 2015

_____
SUSAN ILLSTON
United States District Judge